*or JMS*

ORIGINAL

DAVID EUGENE SMITH          5112-0
Attorney At Law LLLC
P.O. Box 390364
Keauhou, Hawaii  96739
Tele: (808) 322-4766
Fax:  (866) 372-0361
Email:  lodeslaw@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 3 1 2013

at *1* o'clock and *52* min. *P* M.
SUE BEITIA, CLERK

Attorney for Plaintiff
Tiki Shark Art Incorporated

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| TIKI SHARK ART INCORPORATED, a Hawaii Corporation<br><br>        Plaintiff,<br><br>vs.<br><br>CAFEPRESS.COM, INC., a California Corporation<br><br>        Defendant. | Case No. **CV13  00577  JMS  RLP**<br>(Civil)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiff, TIKI SHARK ART INCORPORATED, by and through

undersigned counsel, bring this case against Defendant, CAFEPRESS.COM, INC.,

and alleges as follows:

//

//

## SUMMARY OF THE ACTION

1.     This is an action seeking injunctive relief, declaratory judgment, and damages for the unauthorized use of an original painting created by renowned Hawaiian Tiki artist, Brad "Tiki Shark" Parker, entitled "Forbidden Island" (the "Work"), which is shown below.  Plaintiff is Parker's company and owns all rights to commercialize the Work. Defendant CafePress.com, Inc., copied and reproduced the Work without authorization on products such as towels, flip-flop shoes, mugs, and other goods, and then sold these goods on its website at www.cafepress.com (the "Website"). Inasmuch as defendant's infringement has damaged plaintiff's business, threatens to damage it further, and defendant's business practices are unfair and deceptive to the plaintiff, plaintiff seeks injunctive relief, declaratory relief, and damages for the full amount of plaintiff's loss, plus statutory damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2.     This is an action arising under the Copyright Act, 17 U.S.C. § 501, and 1202(b), the Lanham Act, 15 U.S.C. § 1125(a), and the Hawaii Revised Statutes.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367, and 15 U.S.C. § 1121.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

5.      Defendants are subject to personal jurisdiction in Hawaii pursuant to Hawaii Rev Stat § 634-35 since the claims set forth below arise from the Defendant's activity, either personally or through an agent,

      i.      Transacting any business within this State; or

      ii.     Committing a tortious act within this State.

6.      Plaintiff has complied with any and all conditions precedent to bring the causes of action set forth herein.

## PARTIES

7.      TIKI SHARK ART INCORPORATED ("Tiki Shark") is a corporation duly organized and existing under the laws of Hawaii, with its principal place of business located at 75-5660 Kopiko St., #C7-420 Kailua-Kona, Hawaii 96740

8.      CAFEPRESS.COM, INC. ("Cafe Press"), is corporation duly organized and existing under the laws of the State of California, with its headquarters located at 1850 Gateway Drive Suite 300 San Mateo, CA 94404.

## BACKGROUND

9.      Parker is a well-known Hawaiian Tiki artist whose distinctive

paintings are synonymous with the Pacific island art form known as "Tiki."

    10.    Parker created the Work in 2007 and owns a valid copyright.

    a.  Image below: Forbidden Island by Brad "Tiki Shark" Parker, © 2007.



    b.  Brad Parker painting the Work in 2007.



    11.    Parker fuses a technical quality and splendor of the old Flemish

masters with counter-culture subject matter, creating unique works sought after by

collectors.  Parker's paintings are sold at several well-respected galleries

throughout the world, including but not limited to, Hawaii, the U.S. mainland, Canada, Australia and the Middle East.

12.     Parker signs all his paintings, including the Work, with his signature.

13.     Parker is the sole owner/stockholder of Tiki Shark, an island-lifestyle company that sells his work and manufactures beach products for many high profile companies.

14.     Tiki Shark owns the exclusive rights to reproduce, make derivatives, distribute for sale, and publicly display all of Parker's works, including the Work at issue in this case, as well as the right to sue for infringement of these rights.

## INFRINGEMENT BY THE DEFENDANT

15.     Café Press makes and sells customizable products like mugs, t-shirts and hats on the internet.  Café Press provides "blank" products containing no artwork and Café Press members upload artwork of their choosing, which Café Press then imprints onto Café Press' blank products. After imprinting the blank products with artwork provided by it's members, Café Press will then offer those products for sale to the public.  When a member of the public buys a product, Café Press customizes, packages and ships the product on demand.  Minimum prices for products are set by Café Press.  Café Press receives payment for orders and pays a commission from orders to members for products sold.

16.    On or about May 20, 2013, TIKI STYLE ME JMT, a Dubaian company that distributes Tiki style products through its affiliate Body Glove International, placed an order with Tiki Shark for over 25,000 towels featuring the Work valued at $257,728.00.

17.    Following the submission of a purchase order to Tiki Shark, TIKI STYLE ME JMT canceled the order because it had discovered the Work being sold on products by Café Press.

18.    Café Press copied the Work without Tiki Shark's permission and applied the Work to a variety of clothing and accessory products.  Café Press sold these products with the Work copied and applied to them and shipped them to Hawaii in Café Press branded packaging.  The products included:

   a. Sandals



//

//

//

*b.  Toiletry Bag*



19.    When Café Press copied the Work it removed Parker's signature.

20.    Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I

## COPYRIGHT INFRINGEMENT

21.    Plaintiff incorporates by reference paragraphs 1 to 20 as if set forth herein.

22.    Parker owns a valid copyright in the Work and has filed an application for registration of the copyright prior to the institution of this action in compliance with 17 U.S.C. § 411.

23.    Tiki Shark owns the rights to reproduce, distribute, make derivatives and publicly display the Work, and to sue for infringement thereof.

24.     Café Press, without permission or authority, reproduced, distributed, and publicly displayed the Work without authorization in violation of 17 U.S.C. § 501.

25.     As a direct and proximate result of Café Press' infringement, Tiki Shark has been damaged.

## COUNT II

## REMOVAL OF COPYRIGHT INFORMATION

26.     Plaintiff incorporates by reference paragraphs 1 to 20 as if set forth herein.

27.     Café Press, without authorization, removed Parker's signature before copying the Work.

28.     Parker's signature is copyright management information ("CMI") as defined in 17 U.S.C. § 1202(c).

29.     Café Press removed the CMI intentionally and without Parker's or Tiki Shark's authority.

30.     Café Press removed the CMI knowingly, or having reasonable grounds to know, that it will induce, enable, facilitate or conceal infringement.

31.     Café Press' actions violated 17 U.S.C. § 1202(b).

32.     Tiki Shark has been damaged.

## COUNT III

## LANHAM ACT SECTION 43(a)

33.     Plaintiff incorporates by reference paragraphs 1 to 20 as if set forth herein.

34.     The Work is representative of those painted by renowned Tiki artist Brad Parker.

35.     The Work, and the style in which the Work was painted, is recognizable and closely associated with Parker and Tiki Shark.

36.     Café Press used the Work in connection with goods sold in commerce.

37.     Café Press used the Work as a device, or as a designation of origin, or as a description or representation in connection with goods and containers for goods in commerce.

38.     Café Press' use of the Work in this manner was false or misleading in that Café Press' use suggested Parker and Tiki Shark were associated with or endorsed Café Press' products.

39.     Parker and Tiki Shark have never been associated with Café Press' products or endorsed Café Press' products.

40.   Café Press' use of the Work on its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Parker and Tiki Shark with Café Press.

41.   Café Press' use of the Work on its products is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Café Press' products by Parker and Tiki Shark.

42.   Tiki Shark possesses the exclusive rights to reproduce, distribute, make derivatives of, and publicly display the Work, and to sue for infringements thereof, and has been damaged by Café Press' actions described herein.

43.   Café Press' actions violate Tiki Shark's rights under 15 U.S.C. § 1125(a).

## COUNT IV

## HAWAII'S LITTLE FTC ACT, HAW. REV. STAT. § 480-2

44.   Plaintiff incorporates by reference paragraphs 1 to 20 as if set forth herein.

45.   Café Press has taken the position in the instant dispute that Café Press is entitled to the benefit of the DMCA Safe Harbor under 15 U.S.C. § 512 because Café Press allegedly meets the definition of a "service provider" under the DMCA.

46.     Under the DMCA, a "service provider" may be entitled to a safe harbor and freedom from liability for the conduct of third-parties that infringes copyright.

47.     In this case the plaintiff does not seek to impose liability on Café Press based only upon the conduct of third parties.  Rather, it is Café Press' own conduct selling products with infringing artwork for Café Press' direct financial gain that is at issue.

48.     Because it engages in infringement for its own direct financial gain, Café Press is not entitled to the benefits of the DMCA Safe Harbor, and Café Press' claim to the contrary is unfair and deceptive, and an unfair method of competition, which violates Haw. Rev. Stat. § 480-2.

49.     Café Press' reliance upon the DMCA Safe Harbor promotes infringement of the kind described herein which damages businesses like Tiki Shark and diminishes the value of copyrighted works of art such as the Work at issue in this case.

50.     As a direct and proximate result of Café Press' unfair and deceptive acts and practices and unfair methods of competition, Tiki Shark has been damaged.

51.     The damage to Tiki Shark is irreparable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

a) For actual damages suffered by Plaintiff as a result of the infringement and for Defendant's unlawful proceeds, gains, profits and advantages of that are attributable to the infringement pursuant to 17 U.S.C. §§ 504(b) and 1203.

b) For actual damages and/or statutory damages and attorneys' fees against Defendant pursuant to 17 U.S.C. § 1203 for its violation of 17 U.S.C. § 1202(b).

c) For damages, attorneys' fees and costs for false designation of origin in violation of the Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

d) For treble damages, attorneys' fees and costs pursuant to Haw. Rev. Stat. § 480-13 for engaging in unfair and deceptive acts and practices, and unfair methods of competition, in violation of Haw. Rev. Stat. § 480-2.

e) For preliminary and permanent injunctions enjoining Defendants from infringing Plaintiff copyright pursuant to 17 U.S.C § 501.

f)  For a permanent injunction enjoining Defendants from engaging in unfair and deceptive acts and practices, and unfair methods of competition, in violation of Haw. Rev. Stat. § 480-2.

g)  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: October 30, 2013

> David Eugene Smith
> Attorney At Law LLLC
> Hawaii Bar No. 5112
> P.O. Box 390364
> Keauhou, Hawaii 96739
> Tele: (808) 322-4766
> Toll Free Fax: (866) 372-0361
> lodeslaw@yahoo.com
>
> By: _David E. Smith_____
>        David Eugene Smith
>        Attorney for Plaintiff
>
> -and-
>
> Joel B. Rothman
> Florida Bar No. 98220
> joel.rothman@sriplaw.com
> Schneider Rothman Intellectual Property
> Law Group PLLC
> 4651 North Federal Highway
> Boca Raton, FL 33481-2182
> 561-404-4350
> Fax: 561-404-4353
> Co-Counsel for Plaintiff