PAUL MAKI (1159)
Attorney at Law
Kendall Building
888 Mililani Street, 8th Floor
Honolulu, Hawai'i  96813
Telephone: (808) 545-1122
Facsimile:  (808) 545-1711
Email:  pmaki@makilaw.com

GREENBERG TRAURIG LLP
Ian C. Ballon (*pro hac vice*)
Lori Chang (*pro hac vice*)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  Ballon@gtlaw.com
         ChangL@gtlaw.com

Attorneys for Defendant,
CAFEPRESS INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TIKI SHARK ART INCORPORATED, a Hawai'i Corporation<br><br>          Plaintiff,<br><br>vs.<br><br>CAFEPRESS INC., a Delaware Corporation<br><br>          Defendant. | CASE NO. CV13-00577-JMS-RLP<br><br><br>**DEFENDANT CAFEPRESS INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE** |

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant CafePress Inc. ("CafePress"), by and through its undersigned counsel, hereby answers Plaintiff's First Amended Complaint (the "FAC") filed by plaintiff Tiki Shark Art Incorporated ("Plaintiff").

## ANSWER

## SUMMARY OF THE ACTION

1.      In response to paragraph 1 of the FAC, CafePress admits that Plaintiff has filed an action for damages, declaratory relief, injunctive relief, unjust enrichment, and attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 101, *et seq.*, the Lanham Act 15 U.S.C. § 1051, *et seq.*, and state common law, but denies that any of Plaintiff's claims have merit.  This lawsuit involves $125 in allegedly unauthorized gross sales by a third party Internet user and CafePress denies that it copied, used, or distributed either the alleged "Work" or "Symbol" in any manner that violates United States copyright or trademark laws, creates a false designation of origin, false or misleading description or representation of fact, or constitutes an act of infringement or unfair competition.  Further, CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations surrounding the creation or development of the alleged "Work" and "Symbol," any rights owned by Plaintiff or Brad Parker concerning the "Work" or "Symbol," and, therefore, denies these allegations.  The remaining allegations in paragraph 1 set forth a legal conclusion to which no answer is necessary and are therefore denied.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the FAC, CafePress admits that Plaintiff asserts claims under 17 U.S.C. § 501, 15 U.S.C. § 1125(a), and Hawai'i common law, but CafePress denies that Plaintiff's claims have merit.

3.      Paragraph 3 of the FAC states a legal conclusion to which no response is required, and is therefore denied on that basis.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

4.      Paragraph 4 of the FAC states a legal conclusion to which no response is required, and is therefore denied on that basis.

5.      Paragraph 5 of the FAC states a legal conclusion to which no response is required, and is therefore denied on that basis.

## PARTIES

6.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the FAC, and therefore denies them.

7.      In response to paragraph 7 of the FAC, CafePress admits that it maintains a corporate office at 1850 Gateway Drive, Suite 300, San Mateo, California, 94404, but denies that this address is its principal place of business, which is located in Louisville, Kentucky.

## FACTS

8.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the FAC, and therefore denies them.

9.      CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the FAC, and therefore denies them.

10.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the FAC, and therefore denies them.

11.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the FAC, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

12.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the FAC, and therefore denies them.

13.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the FAC, and therefore denies them.

14.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the FAC, and therefore denies them.

15.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the FAC, and therefore denies them.

16.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the FAC, and therefore denies them.

17.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the FAC, and therefore denies them.

18.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the FAC, and therefore denies them.

19.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the FAC, and therefore denies them.

20.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the FAC, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

21.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the FAC, and therefore denies them.

22.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the FAC, and therefore denies them.

23.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the FAC, and therefore denies them.

24.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the FAC, and therefore denies them.

25.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the FAC, and therefore denies them.

26.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the FAC, and therefore denies them.

27.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the FAC, and therefore denies them.

28.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the FAC, and therefore denies them.

29.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the FAC, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

30.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the FAC, and therefore denies them.

31.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the FAC, and therefore denies them.

32.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the FAC, and therefore denies them.

33.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the FAC, and therefore denies them.

34.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the FAC, and therefore denies them.

35.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the FAC, and therefore denies them.

36.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the FAC, and therefore denies them.

37.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the FAC, and therefore denies them.

38.     The allegations in paragraph 38 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied, but to the extent any allegations in paragraph 38 do not set forth a legal conclusion,

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

CafePress lacks sufficient knowledge or information to form a belief regarding their veracity and therefore denies them.

39.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the FAC, and therefore denies them.

40.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of the FAC, and therefore denies them.

41.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of the FAC, and therefore denies them.

42.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of the FAC, and therefore denies them.

43.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 of the FAC, and therefore denies them.

44.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the FAC, and therefore denies them.

45.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the FAC, and therefore denies them.

46.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 of the FAC, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

47.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 of the FAC, and therefore denies them.

48.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of the FAC, and therefore denies them.

49.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 of the FAC, and therefore denies them.

50.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 of the FAC, and therefore denies them.

51.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the FAC, and therefore denies them.  Further, the allegation "valid copyrights" sets forth a legal conclusion to which no answer is required and is therefore denied.

52.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of the FAC, and therefore denies them.

53.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of the FAC, and therefore denies them.

54.     CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 of the FAC, and therefore denies them.  Further, the allegation regarding "priority of use of the Symbol" sets forth a legal conclusion to which no response is required and is therefore denied.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

55.     In response to paragraph 55 of the FAC, CafePress admits that it operates the website www.cafepress.com (the "CafePress Website"), which includes the "CafePress Marketplace."

56.     In response to paragraph 56 of the FAC, CafePress admits only that the CafePress Website states, among other things, that "CafePress in its sole and absolute discretion will determine what designs and products will be available through the CafePress Marketplace."  CafePress denies the remaining allegations in paragraph 56.

57.     In response to paragraph 57 of the FAC, CafePress admits only that the CafePress Website states that "in order to improve the printing quality, CafePress may automatically modify your designs (e.g., cleaning up JPG artifacting, adjusting colors for different printers and products, and adjusting design placement on products)."  CafePress denies the remaining allegations in paragraph 57.

58.     In response to paragraph 58 of the FAC, CafePress admits only that it determines the retail price for products sold by users (known as content owners) through the CafePress Marketplace.  CafePress denies all other allegations in paragraph 58.

59.     In response to paragraph 59 of the FAC, CafePress admits only that it pays a royalty to users for products the users sell through the CafePress Marketplace, and that it provides a payment processing service to facilitate these transactions.  CafePress denies the remaining allegations in paragraph 59.

60.     In response to paragraph 60 of the FAC, CafePress admits only that it provides a marketing service that uses web syndication and/or web "feeds" to make the material on the CafePress Website available to Amazon.com and eBay.com.  However, products sold through the CafePress Marketplace and/or user

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

shops on the CafePress Website are sold by users, not CafePress, and CafePress denies the remaining allegations in paragraph 60.

61.     In response to paragraph 61 of the FAC, CafePress admits only that it provides a marketing service that uses web syndication and/or web "feeds" to make the material on the CafePress Website available to Amazon.com and eBay.com.  CafePress denies the remaining allegations in paragraph 61.

62.     In response to paragraph 62 of the FAC, CafePress admits only that it uses a company to provide "retargeted" advertising.  CafePress denies the remaining allegations in paragraph 62.

63.     In response to paragraph 63, CafePress admits only that when a visitor visits a webpage on the CafePress Website, the visitor may be shown an advertisement on other websites that includes an image of what the visitor viewed on the CafePress Website because the image is stored in the temporary cache memory of the visitor's computer.  CafePress denies the remaining allegations in paragraph 63.

64.     CafePress lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations in paragraph 64 of the FAC, and therefore denies them.

65.     In response to paragraph 65 of the FAC, CafePress admits only that it engages a single third party vendor to provide retargeted advertising.  CafePress denies that it spends any money on retargeted advertising.

66.     In response to paragraph 66 of the FAC, CafePress denies that it has documents that show what a specific user was shown through retargeted advertising.  CafePress lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 66, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

67.     CafePress admits only that the text quoted in paragraph 67 of the FAC appears on its website and denies the remaining allegations in paragraph 67.

68.     In response to paragraph 68 of the FAC, CafePress admits that when users customers order products from CafePress users (known as content owners), CafePress provides certain back-end services that include printing the user's artwork, designs, or slogans onto blank merchandise, the majority of which occurs at CafePress' facility in Kentucky.

69.     CafePress admits that the text quoted in paragraph 69 of the FAC appears on its website.  CafePress denies the remaining allegations in paragraph 69.

70.     In response to paragraph 70 of the FAC, CafePress admits only that CafePress makes available only blank merchandise (like t-shirts, sweatshirts and mugs) to users who upload artwork, designs or slogans that may be printed on such merchandise at the users' direction, and provides certain back-end services for its users and their customers, such as payment processing and shipping services. CafePress users create the artwork, designs, or slogans, and sell them through their own hosted stores or through the CafePress Marketplace and feeds.  CafePress denies the remaining allegations in paragraph 70.

71.     In response to paragraph 71 of the FAC, CafePress admits only that the CafePress Website displays a link to CanvasOnDemand, a website that allows a user to upload photos to be printed onto canvases and other items to be purchased by the user.

72.     In response to paragraph 72 of the FAC, CafePress admits only the CafePress Website displays a link to Imagekind, a website that allows professional artists to sell their printed art to buyers.

73.     The allegations in paragraph 73 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

74.     CafePress denies the allegations in paragraph 74 of the FAC. CafePress relies on copyright owners to notify it in accordance with the provisions of the Digital Millennium Copyright Act, which was not done in this case.  In addition, CafePress does more than the law requires to deter infringement.  Among other things, CafePress has adopted and implements a Content Usage Policy, which establishes guidelines for using the content through the CafePress service, and also educates users on copyright protection, gives examples of infringing content, and provides suggestions for avoiding potentially infringing use. CafePress also has adopted and implemented an Intellectual Property Rights Policy, which set forth the guidelines for the use of content and also prohibits using content that may infringe on the rights of a third party.

75.     Denied.

76.     CafePress denies the allegations in paragraph 76 of the FAC. CafePress does not operate 2 million shops.

77.     In response to paragraph 77 of the FAC, CafePress admits only that users (known as content owners) may assign tags or keywords for any images they upload onto the CafePress Website.  The keywords are searchable by other users through an automated process.  CafePress denies the remaining allegations in paragraph 77.

78.     Denied.

79.     In response to paragraph 79 of the FAC, CafePress admits only that it offers certain back-end services for its users, which includes hosting user-created shops and the Marketplace on the CafePress Website and payment processing of custom products offered for sale by users, and denies the remaining allegations in paragraph 79.

80.     In response to paragraph 80 of the FAC, CafePress admits only that it handles returns and exchanges on behalf of CafePress users.  The phrase

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

"infringing products" is also unclear, vague and ambiguous, and therefore CafePress denies the remaining allegations in paragraph 80.

81.     In response to paragraph 81 of the FAC, CafePress admits that it offers a 30-day 100% money back guarantee subject to certain conditions set forth on the CafePress Website.

82.     In response to paragraph 82, CafePress admits that purchasers may place phone orders through a toll-free phone number provided on the CafePress Website.

83.     In response to paragraph 83 of the FAC, CafePress admits that it ships the products on behalf of CafePress users content owners in packaging bearing CafePress' trademark and denies the remaining allegations in paragraph 83.

84.     In response to paragraph 84 of the FAC, CafePress admits that it provides certain back-end services that include payment processing of orders on behalf of CafePress users.  The phrase "linked sites" is vague and ambiguous and CafePress denies the remaining allegations in paragraph 84.

85.     In response to paragraph 85 of the FAC, CafePress admits that its trademark is printed on the receipts and packaging sent to buyers on behalf of CafePress users (known as content owners), and denies the remaining allegations in paragraph 85.

86.     In response to paragraph 86 of the FAC, CafePress states that the item number, linking back to the user (known as a content owner) that designed the item, is printed on the receipt and therefore denies the allegations in paragraph 86.

87.     In response to paragraph 87 of the FAC, CafePress admits that an image of the virtual item is displayed in the purchase confirmation email, and denies the remaining allegations in paragraph 87.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

88.     In response to paragraph 88 of the FAC, CafePress only admits that it provides certain back-end services to some users, including shipping services. CafePress denies the remaining allegations in paragraph 88.

89.     In response to paragraph 89 of the FAC, CafePress admits that buyers may purchase gift certificates on the CafePress Website.

90.     Denied.

91.     In response to paragraph 91 of the FAC, CafePress admits that third parties, including users, may promote and/or resell certain products offered for sale by users on the CafePress Website.  CafePress denies all remaining allegations in paragraph 91.

92.     In response to paragraph 92 of the FAC, CafePress admits that as part of its service to CafePress users, it provides content through a web feed to Amazon.com and eBay.com, through which buyers may purchase products from CafePress users.

93.     CafePress denies the allegations in paragraph 93 of the FAC.  The CafePress Website allows users to upload material automatically to the CafePress Website.  CafePress does not review content uploaded to, and stored on, the CafePress Website by users prior to the time it is uploaded.

94.     In response to paragraph 94 of the FAC, CafePress admits only that a user uploaded an image onto the CafePress Website that Plaintiff claims is a copy of the alleged Work.  The allegations in paragraph 94 otherwise set forth a legal conclusion to which no answer is required and are therefore denied.

95.     The allegations in paragraph 95 of the FAC sets forth a legal conclusion to which no response is required and are therefore denied.  CafePress also lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 95, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

96.     In response to paragraph 96 of the FAC, CafePress admits only that the dimensions of the image uploaded by the user may have been modified when the user image was printed onto certain products, including flip flop shoes, and a toiletries bag.  CafePress denies the remaining allegations in paragraph 96.

97.     The allegations in paragraph 97 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied.

98.     Denied.

99.     Denied.

100.    In response to paragraph 100 of the FAC, CafePress admits only that there were products sold by a user through the CafePress Website that Plaintiff alleges infringe the Work and Symbol, including products sold to Plaintiff and all of which combined total less than $125 in sales.  The remaining allegations in paragraph 100 set forth a legal conclusion to which no answer is required and are therefore denied.

101.    Denied.

102.    The allegations in paragraph 102 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied.

103.    The allegations in paragraph 103 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied.

104.    The allegations in paragraph 104 of the FAC set forth a legal conclusion to which no answer is required and are therefore denied.

105.    Denied.

106.    The allegations in paragraph 106 of the FAC set forth a legal conclusion to which no answer is necessary, but to the extent any allegations in paragraph 106 do not set forth a legal conclusion, CafePress denies the same.

107.    The allegations in paragraph 107 set forth a legal conclusion to which no response is required and are therefore denied.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

108.   Denied.

109.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 of the FAC, and therefore denies them.

110.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110 of the FAC, and therefore denies them.

111.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 111 of the FAC, and therefore denies them.

112.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 of the FAC, and therefore denies them.

113.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113 of the FAC, and therefore denies them.

114.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114 of the FAC, and therefore denies them.

115.   The allegations in paragraph 115 of the FAC set forth a legal conclusion to which no response is required, but to the extent any allegations in paragraph 115 do not set forth a legal conclusion, CafePress lacks sufficient knowledge or information to form a belief as to their veracity and denies the same.

116.   The allegations in paragraph 116 of the FAC set forth a legal conclusion to which no response is required, but to the extent any allegations in paragraph 116 do not set forth a legal conclusion, CafePress lacks sufficient knowledge or information to form a belief as to their veracity and denies the same.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121, and therefore denies them.

122.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 of the FAC, and therefore denies them.

123.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123 of the FAC, and therefore denies them.

124.   Denied.

125.   Denied.

126.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 of the FAC, and therefore denies them.

127.   Denied.

128.   Denied.

129.   The allegations in paragraph 129 of the FAC set forth a legal conclusion to which no response is required.

130.   Denied.

131.   Denied.

132.   Denied.

133.   In response to paragraph 133 of the FAC, CafePress admits that it owns and operates the CafePress Website and platform.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

134.   In response to paragraph 134 of the FAC, CafePress admits that it developed, owns, and operates the CafePress Website and platform.

135.   In response to paragraph 135 of the FAC, CafePress admits that it operates the CafePress Website, but CafePress denies that it controls all activities conducted through the CafePress Website.  CafePress denies all remaining allegations in paragraph 135.

136.   In response to paragraph 136 of the FAC, CafePress admits that it ships over 6 million products on behalf of CafePress users annually and that the CafePress Website has over 11 million visitors each month.

137.   In response to paragraph 137 of the FAC, CafePress admits that, through the CafePress Website, CafePress users (known as content owners) have the ability to sell and ship products to buyers in the United States, Australia, Canada, France, Germany, and the United Kingdom.

138.   In response to paragraph 138 of the FAC, CafePress admits only that it provides content to Amazon.com and eBay.com, and denies all remaining allegations in paragraph 138.

139.   In response to paragraph 139 of the FAC, CafePress admits that users may access, upload images and designs, and open a shop on the CafePress Website free of charge.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.  Congress laid out the appropriate mechanism for copyright owners to obtain the contact information for alleged infringers on an expedited basis in the Digital Millennium Copyright Act, 512 U.S.C. § 512(h).  CafePress

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

also provided Plaintiff with the contact information for the user prior to Plaintiff's filing of this lawsuit.

145.   In response to paragraph 145 of the FAC, CafePress admits that it qualifies for the safe harbor protections set forth in 17 U.S.C. § 512.  CafePress also admits that, pursuant to 15 U.S.C. § 1114(2)(A), a CafePress user, and not CafePress, is liable for damages, if any, that a CafePress user's alleged trademark infringement caused.  The remaining allegations in paragraph 145 of the FAC set forth a legal conclusion to which no response is necessary, but to the extent any remaining allegations in paragraph 145 do not set forth a legal conclusion, CafePress denies the same.  In addition, CafePress admits that it is entitled to the exemption created by Congress in the Communications Decency Act, 47 U.S.C. § 230(c).

146.   Denied.

147.   CafePress lacks sufficient knowledge or information as to Plaintiff's alleged "beliefs" and therefore denies the allegations in paragraph 147 of the FAC.

148.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148 of the FAC, and therefore denies them.

149.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 149 of the FAC, and therefore denies them.

150.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150 of the FAC, and therefore denies them.

151.   CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 151 of the FAC, and therefore denies them.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

## COUNT I

## COPYRIGHT INFRINGEMENT

152.  CafePress repeats its responses to paragraphs 1 through 151 of the FAC as if fully set forth herein.

153.  CafePress lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 153 of the FAC, and therefore denies them.

154.  Denied.

155.  Denied.

156.  The allegations in paragraph 156 of the FAC set forth a legal conclusion to which no response is necessary.  CafePress also lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 156 of the FAC, and therefore denies them.

157.  Denied.

158.  In response to paragraph 158 of the FAC, CafePress denies that Plaintiff is entitled to any relief under the Copyright Act.

159.  Denied.

## COUNT II

## FALSIFICATION OR REMOVAL OF COPYRIGHT INFORMATION

160.  CafePress repeats its responses to paragraphs 1 through 151 of the FAC as if fully set forth herein.

161.  Denied.

162.  The allegations in paragraph 162 of the FAC set forth a legal conclusion to which no response is required.

163.  Denied.

164.  Denied.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

## COUNT III

## LANHAM ACT SECTION 43(a)

169.   CafePress repeats its responses to paragraphs 1 through 151 of the FAC as if fully set forth herein.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

## COUNT IV

## COMMON LAW UNJUST ENRICHMENT

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

186.   CafePress repeats its responses to paragraphs 1 through 151 of the FAC as if fully set forth herein.

187.   Denied.

188.   Denied.

189.   Denied.

## PRAYER FOR RELIEF

WHEREFORE, CafePress denies that Plaintiff is entitled to any relief it requests in its prayer for relief and that CafePress is liable for any of the alleged violations listed in the FAC.  CafePress respectfully requests judgment in its favor and against Plaintiff on all of the causes of actions alleged in the FAC, and for an award of attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) and for costs, and for such other and further relief as the Court deems just and proper.

## CAFEPRESS'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not alleged or produced evidence that it owns a registered copyright and therefore upon information and belief Plaintiff's claim for copyright infringement is barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for copyright infringement is barred, in whole or in part, because CafePress is protected under one or more of the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### FOURTH AFFIRMATIVE DEFENSE

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Plaintiff's claims for statutory damages and attorneys' fees and costs are barred because Plaintiff did not own a registered copyright in the allegedly infringed works at the time of the alleged infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by licenses, express and implied, granted or authorized to be granted by Plaintiff and/or to CafePress by operation of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by fair use.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by copyright and trademark misuse.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's second cause of action is barred, in whole or in part, because the material at issue does not involve technical measures of automated systems and therefore does not constitute copyright management information.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's third cause of action is barred, in whole or in part, because such a claim may not be maintained against the operator of an online venue without evidence that the operator received specific notice of a particular file and failed to take action; generalized knowledge that users of a venue may engage in infringement is insufficient to impose secondary liability.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's third cause of action is barred, in whole or in part, because Plaintiff cannot establish trademark rights on the basis of an alleged copyright.

## ELEVENTH AFFIRMATIVE DEFENSE

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Plaintiff's claim for damages under its third cause of action is barred, in whole or in part, because under 15 U.S.C. § 1114(2)(A), a monetary award may not be granted against a printer "[w]here an infringer or violator is engaged solely in the business of printing the mark or violating matter for others and establishes that he or she was an innocent infringer or innocent violator."

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's fourth cause of action is barred, in whole or in part, because state law claims asserted against "interactive computer services" based on conduct by users are preempted by Section 230 of the Telecommunications Act of 1934, 47 U.S.C. § 230, also referred to as the Communications Decency Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's fourth cause of action is barred, in whole or in part, because it is preempted by the Copyright Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, laches, waiver, and acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by its failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert claims based on foreign laws or on behalf of residents of foreign countries.

## RESERVATION OF RIGHTS AND DEFENSES

CafePress reserves the right to raise additional defenses as it becomes aware of them.

## CAFEPRESS'S PRAYER FOR RELIEF

WHEREFORE, CafePress prays for judgment as follows:

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

(a)      That the Court award Plaintiff nothing for its claims in the FAC and dismiss Plaintiff's claims against CafePress in their entirety;

(b)      That the Court enter judgment that CafePress is the prevailing party in this action;

(c)      That the Court award CafePress its attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) and for all costs; and

(d)      That the Court award CafePress any and all other relief to which it is entitled.

Dated: March 17, 2014                    Respectfully submitted,


                                         By:  /s/ Paul Maki
                                         PAUL MAKI
                                         Attorney At Law
                                         Kendall Building
                                         888 Mililani Street, 8th Floor
                                         Honolulu, Hawai`i 96813
                                         Telephone: (808) 545-1122
                                         Facsimile:  (808) 545-1711
                                         Email:  pmaki@makilaw.com

                                         - and -

                                         GREENBERG TRAURIG, LLP
                                         Ian C. Ballon (*pro hac vice*)
                                         Lori Chang (*pro hac vice*)
                                         1840 Century Park East, Suite 1900
                                         Los Angeles, California 90067
                                         Telephone: (310) 586-7700
                                         Facsimile:  (310) 586-7800

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Email:  ballon@gtlaw.com,
changl@gtlaw.com

*Attorneys for Defendant*
CafePress Inc.

**CAFEPRESS INC.'S ANSWER TO FIRST AMENDED COMPLAINT**