PAUL MAKI (1159)
Attorney at Law
Kendall Building
888 Mililani Street, 8th Floor
Honolulu, Hawai'i  96813
Telephone: (808) 545-1122
Facsimile:  (808) 545-1711
Email:  pmaki@makilaw.com

GREENBERG TRAURIG, LLP
IAN C. BALLON (*pro hac vice*)
LORI CHANG (*pro hac vice*)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800
Email:  Ballon@gtlaw.com
        Changl@gtlaw.com

*Attorneys for Defendant*
CAFEPRESS INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| TIKI SHARK ART INCORPORATED, a Hawaii Corporation,<br><br>                    Plaintiff,<br>v.<br><br>CAFEPRESS INC., a Delaware Corporation,<br><br>                    Defendant. | CASE NO. CV13-00577-JMS-RLP<br><br>**DEFENDANT CAFEPRESS INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 30(a)(2), 37(a).**<br><br>The Honorable J. Michael Seabright, Presiding Judge<br><br>The Honorable Richard L. Puglisi, Magistrate Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**, that, pursuant to Federal Rule of Civil Procedure Rule 30(a) and 37(a), Defendant CafePress Inc. ("CafePress") hereby moves the Court for an order compelling (1) further responses and the production of documents wrongfully withheld by Plaintiff Tiki Shark Art Inc. to conceal its dealings with a Dubai company that allegedly cancelled a $257,000 order for beach towels depicting the Work at issue, and (2) the depositions of Brad Parker and Abbas Hassan, Plaintiff's designated Rule 30(b)(6) witnesses, which abruptly adjourned on April 29, 2014 after counsel for CafePress appearing at the depositions in Kona, Hawaii received a hand delivered letter threatening to harm him, his wife and baby if the deposition proceeded.

CafePress sought discovery directed at the allegations surrounding the purported cancelled order which, based on the facts known to CafePress, appears fabricated for the sole purpose of obtaining actual damages in a case where Plaintiff is neither entitled to statutory damages nor an award of attorney fees. As detailed in CafePress' memorandum and in the accompanying declarations, Plaintiff has impeded CafePress' discovery efforts by refusing to produce relevant documents and engaging in disruptive tactics during the depositions by, among other things, flatly refusing to answer questions, taking phone calls in the middle of pending questions, answering questions with a question or an equivocal "yes or

no" response, and repeatedly arguing with counsel for CafePress over the merits of the case instead of providing responsive answers.  Abbas Hassan also failed to produce documents at his deposition (which was required by subpoena), and when asked about them at his deposition, he exclaimed that "discovery is closed" and "there's no more items to be produced."  Ultimately, Abbas Hassan's deposition was suspended when an unidentified person hand delivered a typed letter addressed to counsel for CafePress appearing at the depositions, threatening to harm him and his family.

Pursuant to Rule 30(a)(2), CafePress requests that the Court order that Brad Parker and Abbas Hassan appear, individually and as corporate representatives designated by Plaintiff (as originally noticed in both capacities), to appear at depositions on a date (to be scheduled) that is convenient to both parties in July, 2014 and in Greenberg Traurig's offices in Los Angeles, California.  In the alternative, CafePress requests that the Court order the witnesses to appear at depositions in Honolulu but on the condition that Plaintiff pay the travel costs associated with CafePress' lawyers to return from California to Hawaii, plus the costs to retain security guards for CafePress and its attorneys.

CafePress further requests that the Court order the following rules of decorum:  (1) the witnesses must fully and directly answer all questions, unless instructed by their counsel to not answer on the basis of an attorney-client privilege

objection, (2) the witnesses must prepare to testify on all Rule 30(b)(6) topics noticed by CafePress, (3) the witnesses must refrain from responding with nonresponsive and evasive answers (like "yes or no"), or answering questions with a question (other than to ask for clarification), (4) the witnesses must turn off all cell phones for the entire duration of the depositions (except during breaks), (5) Plaintiff's counsel must avoid "speaking objections," and (6) the depositions must comply with an agreed upon schedule to be determined by the parties in advance of the depositions.  Further, CafePress requests an order excluding Brad Parker and Abbas Hassan from appearing at each other's depositions, and excluding any third party from appearing at the depositions, except for counsel, the court reporter and videographer, and security personnel to be retained by CafePress at Plaintiff's expense to ensure the personal safety of its lawyers.

Moreover, a court order is necessary to compel Plaintiff and Abbas Hassan (individually) to produce all relevant documents, and to complete their production by no later than 2 weeks prior to their depositions.  Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), CafePress seeks an order overruling Plaintiff's inapplicable objections based on relevance and compelling Plaintiff to produce all documents responsive to the following requests:  RFP No. 4 (sales, profits and revenues derived from the Work),  RFP Nos. 17-18 (license agreements and other agreements authorizing the use or distribution of the Work), RFP Nos. 21-22 (the

alleged infringement by CafePress), RFP Nos. 24-27 (transactions with Tiki Style ME and surrounding communications), RFP No. 31 (lost sales), and RFP Nos. 32 and 41 (other communications with third parties pertaining to the Plaintiff's allegations).

CafePress further seeks an award of sanctions against Plaintiff and the deponents individually for purposefully obstructing discovery and preventing CafePress from conducting thorough witness examinations.

This motion is based on this Notice of Motion and Motion, the Memorandum of Law in support, the accompanying Declarations of Lori Chang, Paul Maki and Marian Cochran, the pleadings, records, and files in this action, and any further oral and documentary evidence as may be presented in connection with the hearing on this motion. This motion is made after the conference of parties, as LR 37-1 (a) requires. Chang Decl. ¶¶ 13, 14, 17-20.

Dated: May 23, 2014                             Respectfully submitted,

                                                By: /s/  Ian C. Ballon
                                                Ian C. Ballon (*pro hac vice*)
                                                Lori Chang (*pro hac vice*)
                                                GREENBERG TRAURIG, LLP
                                                1840 Century Park East, Suite 1900
                                                Los Angeles, California 90067
                                                Telephone: (310) 586-7700
                                                Facsimile:  (310) 586-7800
                                                Email:  Ballon@gtlaw.com,
                                                Changl@gtlaw.com

- and -

PAUL MAKI
Attorney At Law
Kendall Building
888 Mililani Street, 8th Floor
Honolulu, Hawai`i 96813
Telephone: (808) 545-1122
Facsimile:  (808) 545-1711
Email:  pmaki@makilaw.com

*Attorneys for Defendant*
CafePress Inc.