IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIKI SHARK ART INCORPORATED, | CIVIL NO. 13-00577 JMS-RLP |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT |
| vs. | CAFEPRESS INC.'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. PROC. 30(a)(A), 37(a) |
| CAFEPRESS INC., | |
| Defendant. | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT CAFEPRESS INC.'S MOTION TO COMPEL
<u>PURSUANT TO FED. R. CIV. PROC. 30(a0(A), 37(a)</u>

Before the Court is Defendant Cafepress Inc.'s Motion to Compel Pursuant to Fed. R. Civ. Proc. 30(a)(a), 37(a), filed on May 23, 2014 ("Motion"). <u>See</u> ECF No. 35. Plaintiff filed its Opposition to the Motion on June 6, 2014. ECF No. 42. Defendant filed its Reply on June 20, 2014. ECF No. 47. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. ECF No. 37. After careful consideration of the submissions of the parties and the record established in this action, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

<u>BACKGROUND</u>

In its First Amended Complaint, Plaintiff alleges copyright infringement in violation of 17 U.S.C. § 501 and removal of copyright management information in violation of 17

U.S.C. § 1202(b). ECF No. 29.[1] Plaintiff alleges that it is the exclusive licensee of an original work created by Brad "Tiki Shark" Parker. ECF No. 29 ¶¶ 13, 51. Mr. Parker is the sole owner/stockholder of Plaintiff. Id. ¶ 16. The work at issue is a painting created by Mr. Parker entitled "Forbidden Island" (the "Work"). Id. ¶¶ 46-50. Plaintiff alleges that Defendant operates a website where it sells t-shirts, mugs, and similar products, that are printed with designs uploaded to its website. Id. ¶¶ 55-57. Plaintiff alleges that Defendant reproduced, displayed, and sold the Work on products through its website without Plaintiff's authorization and removed copyright management information from the Work. Id. ¶¶ 93-108.

<u>ANALYSIS</u>

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of explaining and supporting its objections. See <u>First Sav. and Loan Ins. Corp. v.</u>

---

[1] By stipulation, Plaintiff dismissed with prejudice its claims in the First Amended Complaint under the Lanham Act and for unjust enrichment. ECF No. 34.

<u>Alexander</u>, 590 F. Supp. 834, 840 (D. Haw. 1984).  A party may move for an order compelling discovery after a good faith attempt to confer with the party failing to respond.  Fed. R. Civ. P. 37(a)(1).  For purposes of a motion to compel, an evasive or incomplete response must be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).  In addition to an order compelling responses, a party may also seek discovery sanctions pursuant to Rule 37(d).

**I.  Defendant's Request to Compel Further Depositions is GRANTED IN PART.**

Defendant asks the Court to compel a second round of depositions of Mr. Parker and Abbas Hassan, the vice president of Plaintiff, to take place in Los Angeles, California, or in Honolulu at Plaintiff's cost.  Mr. Parker was deposed on April 28, 2014, for over six hours in both his individual capacity and as a Rule 30(b)(6) witness.  However, Defendant contends that Mr. Parker was unprepared to testify on several 30(b)(6) topics for which he had been designated and refused to answer many questions.  ECF No. 35-1 at 25-26.  Mr. Hassan was deposed in both his individual capacity and as a 30(b)(6) witness on April 29, 2013.  However, the deposition ended after about twenty minutes because Defendant's counsel received a threatening letter during the deposition and feared for his safety and the safety of his family.  <u>Id.</u>

Under Local Rule 37.1(a), Defendant was required to meet and confer with Plaintiff "either in person or by telephone" regarding all disputed issues prior to filing the present Motion. See LR37.1(a).  Plaintiff contends that Defendant's requests related to depositions should be denied because Defendant did not meet and confer regarding these issues.  ECF No. 42 at 23-25. Although it does not appear that the parties met and conferred regarding the details of a second round of depositions, the parties did meet and confer prior to the initial depositions regarding Defendant's position that the depositions would need to be re-opened based on Plaintiff's failure to provide certain documents before the depositions.  See ECF No. 35-6 at 7, Decl. of Lori Chang ¶¶ 16, 22-24.  To avoid unnecessary re-briefing on this issue and because it does not appear from the record that a meet and confer would limit the disputed issues, the Court will address Defendant's request for a second round of depositions.

Based on the Court's review of the deposition transcripts and the arguments presented in the Motion and Opposition, the Court finds that Defendant is entitled to additional time to depose Mr. Parker and Mr. Hassan in both their individual capacities and as Rule 30(b)(6) witnesses as detailed below.  To avoid potential confusion by the witnesses, the Court directs Defendant to depose these witnesses as individuals first and then depose them as Rule 30(b)(6) witnesses as designated. The depositions shall take place no later than August 15, 2014.

Mr. Parker and Mr. Hassan must be adequately prepared to testify on all topics for which they are designated. Plaintiff has a duty under Rule 30(b)(6) "to provide a witness who is knowledgeable in order to provide binding answers on behalf of the corporation." Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 538 (D. Nev. 2008) (stating that the corporation must prepare the witness to fully answer questions about the designated subject matter) (citation omitted).  Plaintiff has an obligation to prepare its 30(b)(6) witnesses by having them review documents or speak with others in the corporation. See id. at 539.  Rule 30(b)(6) witnesses "must become educated and gain the requested knowledge to the extent reasonably available." Kelley v. Provident Life & Accident Ins. Co., No. 04-807-AJB, 2011 WL 2448276, at *2 (S.D. Cal. June 20, 2011) (citation omitted).

Plaintiff's designation of Mr. Parker "and/or" Mr. Hassan for five topics is insufficient under Rule 30(b)(6).  See ECF No. 35-9.  Defendant is entitled to know which witness will testify regarding which topic and the designated witness or witnesses must be prepared to testify on behalf of Plaintiff. Plaintiff shall notify Defendant in writing no later than July 7, 2014, regarding whether Mr. Parker or Mr. Hassan or both Mr. Parker and Mr. Hassan are designated to testify regarding the following topics:

3.   All licenses or agreement involving the use or distribution of the Work.

4.   All sales, profits, or revenue generated or derived from Plaintiff's and/or Brad Parker's use or distribution of the Work.

15.  All transactions and communications with TIKI STYLE ME-JLT, including the purported purchase order and its cancellation alleged in paragraphs 113-116 of the FAC (referred to as "Tiki Style Purchase Order").

16.  The nature and extent of the historical and current relationship between TIKI STYLE ME-JLT, Hisham Hasan, Plaintiff, Brad Parker, Abbas Hassan, and/or any of their predecessors or affiliates.

17.  The nature and extent of the historical and current relationship between Body Glove International and Plaintiff, Brad Parker, Abbas Hassan, TIKI STYLE ME-JLT, Hisham Hasan, and/or any of their predecessors or affiliates.

Mr. Parker's second deposition shall last no longer than four hours.  Any time taken for breaks by Mr. Parker or Plaintiff's counsel shall not be included in the time limit for the deposition.  Defendant may only depose Mr. Parker in his individual capacity regarding his personal and business relationship with Mr. Hassan.  As noted by Defendant, this information is relevant to bias and witness credibility and Mr. Parker refused to answer any questions on that issue during his prior deposition.  See ECF No. 35-1 at 20.  The Court finds that Mr. Parker was inadequately prepared to provide testimony as a 30(b)(6) witness on the topics for which he was designated during

6

his prior deposition.  Defendant may depose Mr. Parker as a 30(b)(6) witness on all designated topics (Topic 1, 11-14, 18-20, 22-25) and on any designated topics identified in Plaintiff's supplemental notice as required above.

Mr. Hassan's second deposition shall last no longer than seven hours.  Any time taken for breaks by Mr. Hassan or Plaintiff's counsel shall not be included in the time limit for the deposition.  Defendant may depose Mr. Hassan in his individual capacity regarding any relevant issues and may depose Mr. Hassan as a 30(b)(6) witness on all designated topics identified in Plaintiff's supplemental notice as required above.

Based on the threats received by Defendant's counsel related to this litigation, the Court finds that it is appropriate to order that the depositions of Mr. Parker and Mr. Hassan take place in Honolulu, Hawaii, at a location of Defendant's choosing.  Each party shall bear its own travel costs for attendance at the depositions.  The Court denies Defendants' request to require Plaintiff to pay for the cost of security personnel at the depositions.  The only individuals allowed in the room while the depositions are being conducted are counsel, the witness being deposed, the court reporter and videographer, and security personnel if hired by Defendant's counsel.  The witness being deposed is prohibited from using his cell phone or taking telephone calls during the deposition.

## II.   Defendant's Request to Compel the Production of Documents from Mr. Hassan is GRANTED.

Defendant asks the Court to compel Mr. Hassan to produce the five categories of documents identified in the Amended Notice of Deposition of Abbas Hassan dated April 4, 2014, attached to the subpoena issued to Mr. Hassan.  <u>See</u> ECF No. 35-7 at 12, 16-17.  Plaintiff argues that Mr. Hassan has produced "all documents plaintiff agreed to produce" that Mr. Hassan was able to locate "after a reasonable search."  ECF No. 42 at 16-17. Additionally, Plaintiff argues that Mr. Hassan does not need to produce any documents because he was not properly served with the subpoena.  The Court rejects Plaintiff's argument because Plaintiff's counsel stated that they represented Mr. Hassan in this litigation and did not inform Defendant's counsel that formal service of the subpoena on Mr. Hassan was required.  The Court GRANTS Defendant's request to compel Mr. Hassan to produce the five categories of documents identified in the Amended Notice of Deposition.  No later than July 11, 2014, Mr. Hassan shall produce all responsive documents in his possession, custody, or control.  If Mr. Hassan does not have any responsive documents in his possession, custody, or control, counsel shall serve a response to the Amended Deposition Notice so stating. Defendant's counsel may question Mr. Hassan regarding his efforts to search for and produce documents during his deposition.

8

### III.   Defendant's Request to Compel the Production of Documents from Plaintiff is GRANTED.

Defendant asks the Court to compel Plaintiff to produce documents responsive to twelve categories of documents requested in Defendant's First Set of Requests for Production.  Although Plaintiff produced a limited set of documents, Defendants contend that there are additional relevant and responsive documents in Plaintiff's possession, custody, or control.  Each category of documents requested by Defendant is addressed below.

<u>Request for Production No. 4</u>

Defendant requests "[a]ll documents constituting or reflecting any sales profits, or revenues Plaintiff or Brad Parker have obtained in connection with the use, sale or distribution of the Work."  ECF No. 35-7 at 82.  Plaintiff asserts that the only document that is relevant is the cancelled Tiki Style Purchase Order, which has already been produced.  ECF No. 42 at 17-18.  The Court finds that evidence of other orders during the relevant time period, other orders by Tiki Style ME, and evidence of other sales of the Work are relevant to determining whether there is a causal connection between the alleged infringement and Plaintiff's claimed damages.  The Court GRANTS Defendant's request to compel the production of documents responsive to Request No. 4.  Plaintiff shall produce all documents constituting or reflecting any sales profits, or

revenues Plaintiff or Brad Parker have obtained in connection with the use, sale or distribution of the Work no later than July 11, 2014.

<u>Request for Production Nos. 17 and 18</u>

Defendant requests "[a]ll documents constituting, memorializing, or reflecting any licenses and/or other agreements concerning the use, sale and/or distribution of either the Work or Symbol, and the provisions of such licenses and/or agreements" and "[d]ocuments sufficient to identify all persons who are licensed or authorized to use, reproduce, sell or distribute the Work." ECF No. 35-7 at 89-90. Plaintiff contends that it is "implied" by the cancelled Tiki Style Purchase Order that Tiki Style ME JLT had the right to use, sell and distribute the Work. ECF No. 42 at 18. The Court finds that this objection is without merit. Plaintiff cannot use implications to avoid producing relevant documents requested in discovery. The Court GRANTS Defendant's request to compel the production of documents responsive to Request Nos. 17 and 18. Plaintiff shall produce all documents constituting, memorializing, or reflecting any licenses and/or other agreements concerning the use, sale and/or distribution of the Work and the provisions of such licenses and/or agreements and documents sufficient to identify all persons who are licensed or authorized to use, reproduce, sell or distribute the Work no later than July 11, 2014.

10

Request for Production Nos. 21 and 22

Defendant requested "[a]ll documents, including screenshots, reflecting or evidencing that the Work was reproduced or distributed on the CafePress Website" and "[a]ll documents, including screenshots, reflecting or evidencing that the Work was reproduced on products sold through the CafePress Website, including the purported '218 custom products' alleged in paragraphs 98-99 of the FAC." ECF No. 35-7 at 91-92. Plaintiff states that it agreed to produce "responsive documents." ECF No. 42 at 19-20. To the extent Plaintiff's response is an attempt to limit its production of documents to something less than "all" such responsive documents, the Court rejects Plaintiff's objection. The Court GRANTS Defendant's request to compel the production of documents responsive to Request Nos. 21 and 22. Plaintiff shall produce all documents, including screenshots, reflecting or evidencing that the Work was reproduced or distributed on the CafePress Website and all documents, including screenshots, reflecting or evidencing that the Work was reproduced on products sold through the CafePress Website, including the purported '218 custom products' alleged in paragraphs 98-99 of the FAC no later than July 11, 2014.

Request for Production Nos. 24, 25, 26, 31, and 41

Plaintiff states that it has no relevancy objections to these document requests and will produce responsive documents after the entry of a confidentiality order. See ECF No. 42 at

11

21.  The parties are ordered to meet and confer no later than July 7, 2014, regarding a proposed stipulated protective order. If the parties are able to agree as to form, the parties shall submit the proposed stipulated protective order no later than July 9, 2014.  If the parties are unable to agree as to form, the parties shall submit letter briefs no later than July 11, 2014, in accordance with Local Rule 37.1(c), detailing the disagreement between the parties and attaching their proposed orders. Plaintiff shall produce all documents responsive to Request Nos. 24, 25, 26, 31, and 41 no later than five days after this Court enters a protective order.

<u>Request for Production No. 27</u>

Defendant requested "[a]ll documents and communications constituting, memorializing, reflecting or evidencing other transactions or purchase orders between Plaintiff, Brad Parker, and/or any of their predecessors or affiliates, and TIKI STYLE ME and/or any of its predecessors or affiliates, regarding any paintings, artwork, or other copyrighted material or trademarks owned or created by Plaintiff or Brad Parker."  ECF No. 35-7 at 94.  Defendant contends that documents related to other transactions with Tiki Style ME are relevant to prove or disprove Defendant's defense that the Tiki Style Purchase Order was a sham.  ECF No 35-1 at 8.  Plaintiff states that it produced invoices to Tiki Style for non-licensed goods with Mr. Parker's art other than the Work and produced a list of invoices to Tiki

12

Style for both licensed and unlicensed products.  ECF No. 42 at 22.  To the extent Plaintiff has not produced all responsive documents in its possession, custody, or control, the Court GRANTS Defendant's request to compel the production of documents responsive to Request No. 27.  Plaintiff shall produce all documents and communications constituting, memorializing, reflecting or evidencing other transactions or purchase orders between Plaintiff, Brad Parker, and/or any of their predecessors or affiliates, and TIKI STYLE ME and/or any of its predecessors or affiliates, regarding any paintings, artwork, or other copyrighted material or trademarks owned or created by Plaintiff or Brad Parker no later than July 11, 2014.

Request for Production No. 32

Finally, Defendant requests "[a]ll documents and communications reflecting, evidencing, or referring to the alleged 'documented inquiries and comments from collectors' as alleged in paragraph 149 of the FAC."  ECF No. 35-7 at 97.  In the First Amended Complaint, Plaintiff alleges that it has received "at least 70 documented inquiries and comments from collectors who are concerned about the loss in value of their fine art reproduction of the Work based on CafePress' actions."  ECF No. 29 ¶ 149.  Defendant is entitled to discovery regarding Plaintiff's allegation.  The Court GRANTS Defendant's request to compel the production of documents in response to Request No. 32.  Plaintiff shall produce all documents and communications

13

reflecting, evidencing, or referring to the alleged 'documented inquiries and comments from collectors' as alleged in paragraph 149 of the FAC no later than July 11, 2014.

To the extent Plaintiff does not have documents responsive to the above requests in its possession, custody, or control, Plaintiff shall respond in writing to Defendant so stating no later than July 11, 2014.

**IV.  Defendant's Request to Compel the Production of Electronically Stored Information from Plaintiff is GRANTED.**

Defendant requests that the Court compel Plaintiff to produce the original electronically stored information, including metadata, and native files, for several documents that have been produced in hard copy.  ECF No. 35-1 at 32.  Plaintiff does not address this request in its Opposition.  <u>See</u> ECF No. 42.  Based on Defendant's theory that the Tiki Style Purchase Order is a sham, the Court finds that the native files of the requested documents are relevant.  The Court GRANTS Defendant's request to compel the production of electronically stored information, including metadata and native files, and orders Plaintiff to produce the following Bates stamped documents in native format, including all metadata, no later than July 11, 2014:  TS 44, TS 45, TS 46, TS 82, TS 90, TS 92.

**V.  Defendant is Awarded Reasonable Expenses**.

If a motion to compel is granted in part, the court may apportion the reasonable expenses for the motion.  Fed. R. Civ.

P. 37(a)(5)(C).  Given that most of the relief requested in Defendant's Motion is granted, the Court finds that an award of reasonable expenses to Defendant related to the present Motion is appropriate.  Defendant shall file a declaration regarding the reasonable expenses incurred in making the present Motion no later than July 11, 2014, containing sufficient information for the Court to determine the reasonableness of the work completed and the hourly rates requested.  Plaintiff may file a response to the declaration no later than July 18, 2014.  Thereafter, the Court will issue an order regarding the reasonable expenses awarded.

### VI.  Mandatory Settlement Conference

While the present Motion was pending, Plaintiff filed a request that the Court schedule a mandatory settlement conference.  See ECF No. 40.  To evaluate the need for a settlement conference, each party is directed to submit a confidential letter to the Court regarding the party's position on settlement no later than August 4, 2014.  Thereafter, the Court will determine whether a settlement conference is appropriate.

### CONCLUSION

In accordance with the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant Cafepress Inc.'s Motion to Compel Pursuant to Fed. R. Civ. Proc. 30(a)(a), 37(a) as follows:

1.  Defendant's request for additional time to depose

15

Mr. Parker and Mr. Hassan in both their individual capacities and as Rule 30(b)(6) witnesses is GRANTED IN PART as detailed above. The depositions shall take place no later than August 15, 2014.

2.   Plaintiff shall notify Defendant in writing no later than July 7, 2014, regarding whether Mr. Parker or Mr. Hassan or both Mr. Parker and Mr. Hassan are designated to testify regarding five of the Rule 30(b)(6) deposition topics as detailed above.

3.   The Court GRANTS Defendant's request to compel Mr. Hassan to produce the five categories of documents identified in the Amended Notice of Deposition of Abbas Hassan dated April 4, 2014.  Mr. Hassan shall produce all responsive documents no later than July 11, 2014.  To the extent Mr. Hassan does not have documents responsive to these requests in his possession, custody, or control, counsel shall respond in writing to Defendant so stating no later than July 11, 2014.

4.   The Court GRANTS Defendant's request to compel the production of documents responsive to Defendant's First Set of Requests for Production Nos. 4, 17, 18, 21, 22, 27, and 32. Plaintiff shall produce all documents responsive to Request Nos. 4, 17, 18, 21, 22, 27, and 32 no later than July 11, 2014.  To the extent Plaintiff does not have documents responsive to these requests in its possession, custody, or control, Plaintiff shall respond in writing to Defendant so stating no later than July 11, 2014.

5.   The parties shall meet and confer no later than July 7, 2014, regarding a proposed stipulated protective order. If the parties are able to agree as to form, the parties shall submit the proposed stipulated protective order no later than July 9, 2014.  If the parties are unable to agree as to form, the parties shall submit letter briefs no later than July 11, 2014, in accordance with Local Rule 37.1(c), detailing the disagreement between the parties and attaching their proposed orders. Plaintiff shall produce all documents responsive to Requests for Production No. 24, 25, 26, 31, and 41 no later than five days after this Court enters a protective order.

6.   An award of reasonable expenses to Defendant related to the present Motion is appropriate.  Defendant shall submit a declaration regarding the reasonable expenses incurred in making the present Motion no later than July 11, 2014, containing sufficient information for the Court to determine the reasonableness of the work completed and the hourly rates requested.  Plaintiff may file a response to the declaration no later than July 18, 2014.  Thereafter, the Court will issue an order regarding the reasonable expenses awarded.

7.   To assist the Court in evaluating the need for a settlement conference, each party shall submit a confidential letter to the Court regarding the party's position on settlement no later than August 4, 2014.

IT IS SO ORDERED.

17

DATED AT HONOLULU, HAWAII, JUNE 30, 2014.



_____
Richard L. Puglisi
United States Magistrate Judge

**TIKI SHARK ART INC. V. CAFEPRESS INC.**; CIVIL NO. 13-00577 JMS-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CAFEPRESS INC.'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. PROC. 30(a)(A), 37(a)