IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIKI SHARK ART INCORPORATED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CAFEPRESS INC., )<br>)<br>Defendant. )<br>)<br>_____ ) | CIVIL NO. 13-00577 JMS-RLP<br><br>ORDER AFFIRMING<br>MAGISTRATE JUDGE'S ORDER<br>GRANTING IN PART AND<br>DENYING IN PART DEFENDANT<br>CAFEPRESS INC.'S MOTION TO<br>COMPEL PURSUANT TO<br>FEDERAL RULE OF CIVIL<br>PROCEDURE 30(a)(2), 37(a), DOC.<br>NO. 48 |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CAFEPRESS INC.'S MOTION TO COMPEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2), 37(a), DOC. NO. 48**[1]

**I. INTRODUCTION**

Plaintiff Tiki Shark Art Incorporated ("Plaintiff") appeals Magistrate Judge Richard L. Puglisi's June 30, 2014 Order Granting in Part and Denying in Part Defendant CafePress, Inc.'s ("Defendant") Motion to Compel Pursuant to Federal Rule of Civil Procedure ("FRCP") 30(a)(2), 37(a) (the "June 30, 2014 Order"). Plaintiff argues that the June 30, 2014 Order is clearly erroneous because: (1) it did not require Defendant to meet and confer regarding each of the deposition

---

[1] The title of this Order corrects a minor typographical error in the title of the Magistrate Judge's Order as to the specific subsection of Rule 30 applicable to the Motion to Compel.

issues; (2) it granted relief that Defendant did not specifically request; and (3) it enforced a subpoena that was not personally served and for which witness fees and mileage were not tendered. Based on the following, the court AFFIRMS the June 30, 2014 Order.

## II. BACKGROUND

Plaintiff asserts claims of copyright infringement in violation of 17 U.S.C. § 501, and removal of copyright management information in violation of 17 U.S.C. § 1202(b).[2] Doc. No. 29, First Amended Complaint ("FAC"). As alleged in the FAC, Plaintiff "owns valid copyrights" of an original painting titled "Forbidden Island" (the "Work") created by Brad "Tiki Shark" Parker. *Id.* ¶¶ 46-51. Defendant allegedly operates a website through which it sells products such as "towels, flip-flops, bags, mugs, t-shirts and hats" that are printed with designs uploaded to its website. *Id.* ¶¶ 55-57, 70, 76. The FAC alleges that Defendant displayed, reproduced, and sold the Work on products through its website without Plaintiff's authorization and removed copyright management information from the Work. *Id.* ¶¶ 93-108, 122-23. The FAC further alleges that Plaintiff suffered damages after TIKI STYLE ME - JLT, an Emirati company, placed a large order

---

[2] By stipulation, filed April 25, 2014, Plaintiff dismissed with prejudice claims asserted pursuant to the Lanham Act and for unjust enrichment. Doc. No. 34.

2

worth $257,728.00 for beach towels featuring the Work, but then cancelled that order after discovering that the Work was being used on mass-market products through Defendant's website.  *Id.* ¶¶ 113-116.

In the course of discovery, Defendant noticed an FRCP 30(b)(6) ("Rule 30(b)(6)") deposition, for which Plaintiff designated "Brad Parker and/or Abbas Hassan" to testify.  Doc. No. 35-9, Def.'s Ex. "O" at 345-352.  Although Hassan is Plaintiff's Vice President, *see* Doc. No. 35-11, Def.'s Ex. "NN" ¶ 3, Defendant also issued a subpoena, pursuant to FRCP 45 ("Rule 45"), to Hassan to be deposed individually and to produce documents.  Doc. No. 35-7, Def.'s Ex. "C." Defendant served the subpoena on Plaintiff's counsel after being unable to effect personal service, and with the understanding that Plaintiff's counsel accepted service on behalf of Hassan.  *See* Doc. No. 47-3, Chang Suppl. Decl. ¶ 13.[3]

---

[3] Counsel for Defendant explains that personal service could not be effected because the address Plaintiff provided for Hassan was c/o Plaintiff's counsel at a P.O. box, and the address for Plaintiff's business was a UPS Store.  Doc. No. 47-3, Chang Suppl. Decl. ¶ 13.  Counsel for both parties engaged in extensive discussions regarding the scheduling of depositions during which counsel for Defendant "specifically asked whether [Plaintiff's counsel] would require [Defendant to] personally serve [Plaintiff's counsel] with the subpoenas on Abbas Hassan or if he could simply stipulate that the subpoenas have been deemed served on counsel."  *Id.* Plaintiff's counsel never responded regarding service, but subsequently confirmed the date of Hassan's deposition indicating that counsel would produce Hassan for that deposition.  *Id.*

Defendant contends that Plaintiff, Parker, and Hassan have not fully complied with discovery requests. More specifically, Defendant contends that depositions of Parker and Hassan, both individually and as Plaintiff's designated Rule 30(b)(6) witnesses, were incomplete due to (1) Plaintiff's and Hassan's failure to produce requested documents prior to the depositions; (2) the witnesses' lack of knowledge about topics for which they were designated Rule 30(b)(6) witnesses, disruptive conduct, and refusal to answer or evasive answers to numerous questions; and (3) early termination of Hassan's deposition after a letter was hand-delivered threatening harm to Defendant's counsel and his family.

On May 23, 2014, Defendant filed a Motion to Compel seeking further (1) depositions of Parker and Hassan, individually and in their capacities as Plaintiff's designated Rule 30(b)(6) witnesses; and (2) responses and the production of documents by Plaintiff, Parker, and Hassan. Defendant sought an order (1) setting forth rules of decorum for the depositions; (2) requiring each witness to be prepared to "testify on all Rule 30(b)(6) topics noticed by [Defendant];" (3) requiring Plaintiff to cover the cost of security to protect Defendant's counsel; and (4) compelling Plaintiff and Hassan (individually) to produce documents responsive to Defendant's First Set of Requests for Production Nos. 4, 17-18, 21-22, 24-27, 31-32, and 41.

The June 30, 2014 Order granted most of the requested relief in great detail, including, but not limited to, (1) requiring each party to bear its own costs to attend further depositions,[4] and specifying the location, amount of additional time, manner in which Plaintiff must designate Rule 30(b)(6) witnesses for each topic, and rules of decorum for those depositions, Doc. No. 48 at 4-7, 16; and (2) setting deadlines for the production of documents and/or written responses by Plaintiff and Hassan, *id.* at 16.

On July 14, 2014, Plaintiff filed an Objection to the June 30, 2014 Order. Doc. No. 55. Defendant filed its Response on July 28, 2014. Doc. No. 61. Pursuant to Local Rules ("LR") 7.2(d) and 74.1, the court finds this matter suitable for disposition without a hearing.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), FRCP 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1.

---

[4] The June 30, 2014 Order denied Defendant's request to require Plaintiff to pay for the cost of security personnel at the depositions. Doc. No. 48 at 7.

5

The threshold of the "clearly erroneous" test is high and significantly deferential. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Matthews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004); *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000).

## IV. **DISCUSSION**

Plaintiff argues that the June 30, 2014 Order is clearly erroneous and is contrary to law by: (1) not requiring the parties to meet and confer as to each deposition issue raised in the Motion to Compel as required by LR 37.1; (2) granting relief that Defendant did not request, namely additional time to depose Parker and Hassan, and requiring Plaintiff to notify Defendant in writing whether Parker or Hassan, or both, are designated to testify on five specific Rule 30(b)(6) topics; and (3) enforcing a subpoena on Hassan to be deposed in his individual capacity that was not personally served and for which no witness fees were paid in violation of FRCP 45. Plaintiff is mistaken.

///

///

## A. No Further Meet and Confer Was Required

LR 37.1 requires that prior to filing a discovery motion, moving counsel must meet and confer with opposing counsel "concerning all disputed issues, in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion[.]" However, where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement. *See Pickett v. Nev. Bd. of Parole Com'rs*, 2012 WL 1376969, at *3 (D. Nev. Apr. 19, 2012) (noting that although required by local rule, "courts have held that 'special circumstances' or a responding parties' complete failure to respond can obviate a requesting parties' need to meet and confer" and citing cases); *see also Feldman v. Pokertek, Inc.*, 2011 WL 4543990, at *2 (D. Nev. Nov. 30, 2010) (addressing merits of motion to compel despite plaintiff's failure to meet and confer and noting defendant's utter failure to produce requested documents); *cf. Yue v. Storage Tech. Corp.*, 2008 WL 4185835, at *7 (N.D. Cal. Sept. 5, 2008) (declining to strike motion for attorney fees despite failure to meet and confer as required by local rules after finding that ordering the parties to meet and confer would be futile); *Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005) (explaining that failure to meet and confer, as required by local

7

rule, was not a sufficient reason to deny class certification motion because informal resolution of motion was not possible).

In this case, the record shows that Defendant corresponded with Plaintiff's counsel numerous times in an effort to resolve disputes regarding production of documents prior to the scheduled depositions. *See* Doc. No. 35-6, Chang Decl. ¶¶ 3-4, 6-11, 13-20, 22-24, 26. In the course of that correspondence, Defendant explicitly advised Plaintiff four times that should it fail to produce the requested documents, Defendant would move to reopen the depositions at Plaintiff's cost. *Id.* ¶¶ 14, 16, 22, 26.

As explained in the June 30, 2014 Order, these efforts satisfied the LR 37.1 meet and confer requirement in part, and also supported the conclusion that further efforts would be futile toward resolving remaining production of document and deposition disputes:

> Although it does not appear that the parties met and conferred regarding the *details* of a second round of depositions, the parties *did* meet and confer prior to the initial depositions regarding Defendant's position that the depositions would need to be re-opened based on Plaintiff's failure to provide certain documents before the depositions. *See* ECF No. 35-6 at 7, Decl. of Lori Chang ¶¶ 16, 22-24. To avoid unnecessary re-briefing on this issue and because *it does not appear from the record that a meet and confer would limit the disputed issues*, the Court will address Defendant's request for a second round of depositions.

Doc. No. 48, June 30, 2014 Order at 4 (emphases added). Magistrate Judge Puglisi correctly reviewed the record and addressed the merits of the Motion to Compel only after finding that another meet and confer would be futile. *See Pickett*, 2012 WL 1376969, at *3; *Feldman*, 2011 WL 4543990, at *2; *Yue*, 2008 WL 4185835, at *7; *Thomas*, 231 F.R.D. at 404. Accordingly, Magistrate Judge Puglisi's decision to address the merits of Defendant's Motion to Compel without requiring the parties to engage in an additional meet and confer was not clearly erroneous or contrary to law.

**B.      Additional Deposition Time and Rule 30(b)(6) Designation by Topic**

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)); *see also Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."). This discretion extends to fashioning discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("On its own motion, the trial court may alter the limits in the Federal Rules on the number of depositions . . . and may also [alter]

the length of depositions under Rule 30[.]"); *see also Bishop v. Potter*, 2010 WL 2771763, at *1 (D. Nev. June 4, 2010) (granting additional time to depose plaintiff despite defendant's request for dismissal or an order precluding plaintiff from testifying); *UMG Recordings, Inc. v. Doe*, 2008 WL 2949427, at *3 (N.D. Cal. Jul. 30, 2008) ("[T]he district courts wield broad discretion" "in fashioning discovery orders[.]") (citing cases).

Defendant sought to reopen depositions of Parker and Hassan individually and as Rule 30(b)(6) witnesses, and supported that request with allegations concerning (1) the witnesses' lack of knowledge as to certain Rule 30(b)(6) topics for which they were designated; and (2) the witnesses' conduct and events that precluded Defendant from effectively using the scheduled deposition time. Doc. No. 35-1, Def.'s Mot. at 13-16 (detailing allegations and citing written transcripts and video excerpts of the depositions).

Magistrate Judge Puglisi correctly reviewed the record and, in light of both Defendant's specific requests for relief and issues that arose during the prior depositions, fashioned discovery rulings calculated to fully resolve the underlying disputes. *See Crawford-El*, 523 U.S. at 598 (observing that the court may alter limits in discovery rules sua sponte); *Bishop*, 2010 WL 2771763, at *1 (ordering relief not specifically requested); *UMG Recordings, Inc. v. Doe*, 2008 WL

2949427, at *3 (N.D. Cal. Jul. 30, 2008) (noting that the court has "broad discretion" to "fashion[] discovery orders"). These rulings are well within the court's discretion -- granting Defendant additional time to depose both witnesses and requiring Plaintiff to designate in writing which witness(es) would testify on five specific Rule 30(b)(6) topics was not clearly erroneous or contrary to law.

**C.      Neither Personal Service of Subpoena nor Fees to Hassan Was Required**

Personal service of a subpoena is generally required to compel the testimony or documents from a non-party witness who is not controlled by a party to the action. *See Newell v. Cnty. of San Diego*, 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013) (citing FRCP 45 and compiling cases). But service of a Rule 45 subpoena may also be accomplished where counsel accepts service on behalf of a non-party witness. *See e.g.*, *Casida v. Sears Holding Corp.*, 2012 WL 3260423, at *3 (E.D. Cal. Aug. 8, 2012) (noting that plaintiff's counsel agreed to accept service of deposition subpoena on third party witness' behalf); *cf. Ghiorzi v. Whitewater Pools & Spas, Inc.*, 2011 WL 5101947, at *3 (D. Nev. Oct. 26, 2011) (denying imposition of sanctions where despite being unable to effect personal service on non-party witness, counsel failed to inquire whether opposing counsel would accept service of a deposition subpoena on the witness' behalf). And where counsel fails to respond to a direct request whether a deposition subpoena is

11

required or would be accepted on behalf of a non-party witness, but continues to communicate regarding the scheduling of such deposition, such silence is construed in favor of the requesting party. *See, e.g.*, *In re Keystone Foods, Inc.*, 134 B.R. 828, 830 (W.D. Pa. 1991) ("It was unnecessary for Defense counsel to issue a subpoena in view of his direct request. He should have assumed, and did, that the witness was under Plaintiff-counsel's control.").

Furthermore, a witness may be deposed in both his individual and corporate capacities. *See Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010); *see also Fresenius Med. Care Holdings, Inc. v. Roxane Labs., Inc.*, 2007 WL 1026439, at *1 (S.D. Ohio Mar. 30, 2007) (commenting that it would have been practically expedient to depose the same witness in both his individual and Rule 30(b)(6) capacities simultaneously). And a "Rule 30(b)(6) . . . deponent[] is required to appear for a properly noticed deposition." *Bishop*, 2010 WL 2771763, at *1 (citing *Anderson v. Air W., Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976) and other cases); *see also Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627-28 n.1 (C.D. Cal. 2005) ("It is well recognized that if the corporation is a party, the notice compels it to produce any officer, director or managing agent named in the deposition notice. It is not necessary to subpoena such individual."). A Rule 30(b)(6) deposition notice is

properly served on the organization. *Fadem v. Am. States Preferred Ins. Co.*, 2014 WL 202176, at *3 (D. Nev. Jan. 16, 2014) ("[N]otice [of a Rule 30(b)(6) deposition] should be served upon the organization, not the individual."). Applying these principles to the instant action, the court concludes that neither personal service of a Rule 45 subpoena nor witness fees for Hassan was required.

The July 30, 2014 Order compels Hassan to appear for a second deposition individually and as Plaintiff's Rule 30(b)(6) designee, and "to produce the five categories of documents identified in the Amended Notice of Deposition" dated April 4, 2014. Doc. No. 48, June 30, 2014 Order at 7-8. In so ruling, Magistrate Judge Puglisi rejected Plaintiff's argument that Hassan need not "produce any documents because he was not properly served with [a] subpoena":

> The Court rejects Plaintiff's argument because Plaintiff's counsel stated that they represented Mr. Hassan in this litigation and did not inform Defendant's counsel that formal service of the subpoena on Mr. Hassan was required.

*Id.* at 8.

The parties do not dispute that notice of the deposition of Hassan as a Rule 30(b)(6) witness was properly served. Rather, Plaintiff contends that in accordance with Rule 45, Defendant may not depose Hassan in his individual capacity "in Honolulu (as opposed to Kona)," absent personal service of a

13

subpoena and without tendering "witness fees for deposition and travel, air fare, meals and hotel."  Doc. No. 55, Pls.' Obj. at 14.

However, Plaintiff provides no authority to refute Magistrate Judge Puglisi's finding that because Hassan was represented by Plaintiff's counsel, personal service was not required.  And this is particularly true in light of counsel's failure to respond to Defendant's inquiry regarding the need for such service.  *See Newell*, 2013 WL 4774767, at *2 (explaining that Rule 45 subpoena is required only where non-party witness is not controlled by a party); *In re Keystone Foods, Inc.*, 134 B.R. at 830 ("It was unnecessary for Defense counsel to issue a subpoena in view of his direct request.  He should have assumed, and did, that the witness was under Plaintiff-counsel's control.").  Furthermore, Plaintiff failed to provide any authority to support a finding that where a corporation is compelled to produce a Rule 30(b)(6) witness for deposition, the corporation is then entitled to recover the witness' travel costs merely because that witness is deposed in both his individual and corporate capacities during the same deposition.  Accordingly, the June 30, 2014 Order is not clearly erroneous or contrary to law by compelling Hassan to appear for a second deposition and produce the requested documents.

///

///

# V. CONCLUSION

Based on the foregoing, the court AFFIRMS Magistrate Judge Puglisi's June 30, 2014 Order Granting in Part and Denying in Part Defendant Cafepress Inc.'s Motion to Compel Pursuant to Federal Rule of Civil Procedure 30(a)(2), 37(a), Doc. No. 48.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tiki Shark Art Incorporated v. CafePress, Inc.*, Civ. No. 13-00577 JMS-RLP, Order Affirming Magistrate Judge's Order Granting in Part and Denying in Part Defendant Cafepress Inc.'s Motion to Compel Pursuant to Federal Rule of Civil Procedure 30(a)(2), 37(a), Doc. No. 48